# United States Court of Appeals

## For the First Circuit

No. 03-2591

MOHAMMED MOZAMMEL HOSSAIN,

Petitioner,

v.

JOHN ASHCROFT, Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Selya, Lynch, and Lipez,
Circuit Judges.

John Traficonte on brief for petitioner.

Luis E. Perez, Attorney, Office of Immigration Litigation, Civil Division, Peter D. Keisler, Assistant Attorney General, Civil Division, and Linda S. Wendtland, Assistant Director, on brief for respondent.

August 19, 2004

**LYNCH**, **Circuit Judge**.  Petitioner Mohammed Mozammel Hossain is a native and citizen of Bangladesh who attempted to enter the United States through Newark airport on October 9, 1991. Exclusion proceedings were brought against him on that date, and he in turn sought asylum and withholding of deportation.  After a long series of hearings, both forms of relief were denied by an Immigration Judge (IJ) on May 8, 1998.

Hossain filed a timely appeal from these decisions with the Board of Immigration Appeals (BIA) on June 5, 1998, and his attorney requested an opportunity to file a brief on his behalf. The BIA mailed the briefing schedule to the wrong address, and Hossain's counsel says as a result he never filed such a brief. The BIA affirmed the IJ's decision without opinion on January 17, 2003, pursuant to 8 C.F.R. § 1003.1(e)(4), although it had no brief from Hossain.  Hossain never petitioned for review of that decision to this court. Instead, he filed a motion for reconsideration with the BIA on the ground that he was never given a proper opportunity to have his case briefed, and seeking leave to file the brief. This motion was denied by the BIA on October 24, 2003; Hossain now petitions for review of that denial in this court.  We vacate the BIA's denial of the motion for reconsideration and remand to the BIA.

# I.

Hossain's hearings before the IJ began in 1991; a final decision was rendered only in 1998. Hossain's claim was based on past persecution, including arrests and torture, that he claimed to have suffered as a member of the student wing of an opposition political party in Bangladesh. Hossain further claimed that there was an outstanding warrant for his arrest on charges that he stabbed a fellow student during a riot in May 1991; he claimed that the stabbing was in self-defense but that he would not receive a fair trial, and would be likely to face violent extra-judicial retaliation, because of political persecution. The IJ denied Hossain's applications for asylum and withholding of deportation, emphasizing Hossain's "inconsistent testimony" and inadequate documentation for his claims.

Hossain's notice of appeal to the BIA listed sixteen grounds for overturning the IJ's opinion, all of which were fairly broad and unspecific. As noted in Hossain's notice of appeal to the BIA, a copy of the voluminous transcript of the many hearings held by the IJ had not yet been prepared for Hossain and his counsel, and Hossain "demand[ed] the right to file a brief" in order to "identify specific factual and legal issues" involved in the case.

On the required Entry of Appearance as Attorney or Representative form sent to the BIA along with the Notice of

Appeal, Hossain's attorney, John Traficonte, listed as his complete address:

> Cabot Corporation
> 75 State Street
> Boston, MA 02109

On January 25, 1999, the BIA sent a briefing schedule, along with a transcript of the IJ's hearings, to the following address, with the company name omitted:

> John Traficonte
> 75 State Street
> Boston, MA 02109

Hossain's lawyer states that because of the faulty address and because there are many tenants in the 75 State Street skyscraper, he never received the briefing schedule (nor the transcript) that was sent. The government on this appeal does not dispute his assertion. As a result of not receiving that schedule, Traficonte said, he never filed a brief with the BIA, even though the BIA did not reach a decision until January 17, 2003, nearly four years after the briefing schedule was mis-mailed.[1]

Hossain's motion for reconsideration was based solely on his lawyer's failure to have received a briefing schedule and his attorney's consequent failure to have filed a brief. The Justice

---

[1]The same basic bureaucratic mistake had occurred much earlier in this case, in 1993. A hearing date before the IJ was erroneously mailed without the "Cabot Corporation" piece of the address, and was never delivered to Hossain's lawyer. Hossain thus did not appear at the specified hearing date, and the judge held the asylum claim abandoned. However, after an explanation was given, the IJ reopened the proceedings.

Department did not oppose the motion. The BIA rejected this motion on October 24, 2003, stating both that in its opinion the briefing schedule (and transcript) were sent to the "correct address," and that Hossain's motion "fail[ed] to present any significant new evidence, specify any errors of fact or law, or include a brief that would justify granting relief or remanding." The BIA decision cited to Matter of Lei, 22 I&N Dec. 113 (BIA 1998), regarding the presumption of notice based on regularity of the mail.

**II.**

We review BIA decisions on motions to reconsider only for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992).

The BIA erred by not sending a briefing schedule and transcript to the proper address. See 8 C.F.R. § 1003.3(c)(1) (noting alien's right to file a brief with the BIA and stating that in transcribed cases, "briefing schedule shall be set by the Board after the transcript is available"). The government now admits that the wrong address was used. Hossain's attorney clearly entered his full address on the Entry of Appearance form, and yet the BIA sent the transcript and briefing schedule to an incomplete and therefore erroneous address. Thus, the first ground offered by the BIA -- that the information was sent to the correct address -- cannot stand. Further, the citation by the BIA to Matter of Lei demonstrates that the BIA misunderstood the nature of the claim.

-5-

The doctrine of regularity of the mail presumes the address used is the correct one.

The mailing error constituted the type of error of law which is the proper subject of a motion for reconsideration.  8 C.F.R. § 1003.2(b)(1); see also Zhang v. INS, 348 F.3d 289, 293 (1st Cir. 2003) ("The purpose of a motion to reconsider [as opposed to a motion to reopen] is...to demonstrate that the BIA erred as a matter of law or fact.").

The government argues that despite the BIA's mailing error and violation of the BIA rules, its decision ought to be affirmed because there is no denial of due process as Hossain has been unable to show that he suffered any prejudice from the error.[2] We agree that a due process claim cannot succeed if there is no prejudice; without prejudice, any error that occurred would be harmless.  See Bernal-Vallejo v. INS, 195 F.3d 56, 64 (1st Cir. 1999) ("[T]he applicant claiming a denial of due process must generally show prejudice.").

Prejudice could easily (but not inevitably) be found in a case where an alien's appeal was dismissed merely because of his failure to file a brief.  See, e.g., Amarjit Singh v. Ashcroft, 367 F.3d 1182, 1189 (9th Cir. 2004) (presuming prejudice where alien's

_____

[2]Because the government filed no opposition to Hossain's motion for reconsideration before the BIA, the argument about prejudice has been raised by the government for the first time before this court.

claim was summarily dismissed because his lawyer did not file a brief). That is not our case. The BIA appears to have at least nominally considered Hossain's case on the merits despite the absence of a brief from him.

Here, the IJ's rulings hinged largely on Hossain's alleged lack of credibility, and the BIA overturns an IJ's credibility findings, like other findings of fact, only if they are clearly erroneous. 8 C.F.R. § 1003.1(d)(3)(i). From that lack of credibility determination, it might be supposed there could be no prejudice. Still, a brief to the BIA might have shown that the IJ's credibility ruling lacked support in the record or did not have a rational explanation. See Malkit Singh v. Ashcroft, 362 F.3d 1164, 1168 (9th Cir. 2004). As well, the brief could have provided more specificity to the claims broadly asserted in the notice of appeal to the BIA.

The government's lack of prejudice argument founders on the point that Hossain never had a chance to show prejudice due to the BIA's own error.[3] Because of the BIA's mailing error,

---

[3] Hossain's counsel, who represents him pro bono, shares some responsibility for this imbroglio. He let the matter lie for over four years without making any inquiry to the BIA. He says that because the series of hearings before the IJ took place over several years, he understood it would take some time for the record to be assembled and a briefing schedule set. It appears that it took from June 15, 1998 to January 25, 1999 to assemble the record and for the BIA to set a briefing schedule, a great deal less than four years.

Hossain's counsel still had not received a copy of the hearing transcript when he filed the motion for reconsideration. Like the court in Singh, "[w]e are at a loss as to how" an alien could make arguments on the merits of his case, for example "clarifying the testimony that the IJ deemed inconsistent[,] without having access to the transcript of that very testimony." Malkit Singh, 362 F.3d at 1169. Basic fairness requires that Hossain, now that he apparently has a copy of the transcript, be given the opportunity to argue in a renewed motion for reconsideration that he was prejudiced by his inability to file a brief with the BIA. The BIA is free to decide whether Hossain was prejudiced by his inability to file a brief or otherwise should be permitted reconsideration.

## III.

The order of the BIA on the motion for reconsideration is vacated, and the case is remanded to the BIA. So ordered.