**Not For Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 07-1713

FREDY AUGUSTO ARIAS-VALENCIA,

Petitioner,

v.

MICHAEL B. MUKASEY,[*]
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Lynch, Circuit Judges,
and Tashima,[**] Senior Circuit Judge.

Martin D. Harris, on brief for petitioner.
Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, Civil Division, Peter D. Keisler, Assistant Attorney General, Civil Division, and Barry J. Pettinato, Assistant Director, on brief for respondent.

April 17, 2008

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Michael B. Mukasey is substituted for former Attorney General Alberto R. Gonzáles as respondent.

[**] Of the Ninth Circuit, sitting by designation.

**Per Curiam**.  Fredy Augusto Arias-Valencia ("Arias"), a native of Colombia, arrived in the United States in 1988.  After numerous hearings, missed appearances, and failures to depart the United States, Arias made a motion to reconsider and remand which was denied by the Board of Immigration Appeals ("BIA") on April 11, 2007.  Arias contends that the Immigration Judge ("IJ") who heard his case abused his discretion when he denied the motion.  After careful consideration, we deny the petition for review.

## I. **Background**

Arias, a native of Colombia, entered the United States on October 11, 1988.  The following day, the Immigration and Naturalization Service ("INS") issued an order to show cause alleging that Arias was subject to deportation for entry without inspection under the Immigration and Nationality Act ("INA") § 241(a)(2), 8 U.S.C. § 1231(a)(2).  On January 27, 1989, Arias failed to appear for his hearing, and the IJ ordered him deported in absentia.  On May 26, 1995, Arias filed a motion to reopen his proceedings.  He claimed that he did not receive his hearing notice in 1989 because it was misaddressed and that he was eligible to apply for adjustment of status through his mother, then a permanent resident of the United States.  At a hearing on March 26, 1996, Arias expressed a desire to apply for suspension of deportation. The IJ granted him until December 2, 1996, to do so; he failed to file the application.  On January 2, 1997, the IJ found that Arias

-2-

had abandoned his opportunity to apply for suspension of deportation. Furthermore, the IJ found him ineligible to adjust his status through his mother because her conditional resident status had been terminated. The IJ determined that Arias was deportable as charged in the order to show cause. Arias applied for, but was denied, suspension of deportation and adjustment of status on January 2, 1997. He was, however, granted voluntary departure on February 1, 1997.

Arias never departed the United States. On March 12, 1997, he requested that the BIA permit a late-file appeal and allow him to consolidate his case with his mother's. The BIA denied the request on August 4, 1997, and determined that Arias's explanation as to why he continued to miss deadlines did not demonstrate circumstances that established a proper basis for certification of an appeal. The BIA rejected the appeal as untimely. On May 18, 1998, Arias filed a motion to reconsider this decision. On June 28, 2000, the BIA denied the motion as untimely and declined to exercise its discretion sua sponte to reopen or reconsider the case.

On September 3, 1999, Arias married Sara Arias, a U.S. citizen. Together they have two minor children. Melissa Arias was born in 1999 and she suffers from severe asthma; Ericka Arias was born in 2000. As a result of the marriage, Arias became the beneficiary of an approved I-120 application on October 14, 1999.

Arias was supposed to return to Colombia to adjust his status and complete processing of his application. When he failed to appear, his visa petition was denied.

Arias filed another motion to reopen in April 2006. He alleged that his new family circumstances changed his case. On June 21, 2006, the IJ, noting Arias's "repeated abuse of the filing deadlines," denied his motion to reopen as untimely. On July 19, 2006, Arias appealed the IJ's denial of his untimely motion. The BIA affirmed the IJ's decision and dismissed Arias's appeal. On January 12, 2007, Arias filed a motion to reconsider requesting that the BIA remand the case to the IJ to allow him to present a claim for protection under Article 3 of the Convention Against Torture ("CAT"). The BIA denied the motion to reconsider on April 11, 2007, concluding that Arias failed to establish that it had committed any errors of law or fact in its December 15, 2006 decision. The BIA also determined that Arias's motion was successive and untimely and that he did not qualify for an exception to the applicable time or numerical limitations for filing such a motion; it also determined that a sua sponte reopening of Arias's case was not warranted. Arias petitioned the denial of his motion to reconsider.

## II. <u>Discussion</u>

### A.  **Standard of Review**

This court ordinarily reviews the BIA's denial of a motion to reopen under the abuse of discretion standard.[1] <u>Kaweesa</u> v. <u>Gonzáles</u>, 450 F.3d 62, 67 (1st Cir. 2006).  "Our review is highly deferential, focusing on the rationality of the decision to deny . . . reopening, not on the merits per se, of the underlying claim." <u>Abdullah</u> v. <u>Gonzáles</u>, 461 F.3d 92, 99 (1st Cir. 2006).  We will uphold the BIA's decision "'unless it is arbitrary, irrational, or contrary to law.'" <u>Id.</u> (quoting <u>Ahwazi</u> v. <u>INS</u>, 751 F.3d 1120, 1122 (9th Cir. 1985)).

### B.  **Analysis**

Arias argues that his case should be re-examined in light of changed circumstances.  See <u>In re Cerna</u>, 20 I. & N. Dec. 399,

---

[1]  A motion to reconsider must set forth either an error of law or an error of fact.  <u>See</u> 8 C.F.R. § 1003.23(b)(2).  The Government argues that Arias failed to put forth either and that he merely argues a change in personal circumstances. We agree.  His motion did not identify any change of law or establish any argument or aspect of his case that was overlooked.  He only argued new facts. The motion is more correctly defined as a motion to reopen, which seeks to present new facts that would entitle him to relief from deportation.  <u>Compare</u> 8 C.F.R. § 1003.23(b)(2) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the Immigration Judge's prior decision and shall be supported by pertinent authority."), <u>with</u> 8 C.F.R. § 1003.23(b)(3) ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."); <u>see also</u> <u>In re Cerna</u>, 20 I. & N. Dec. 399, 400 (BIA 1991).  In any event, a motion to reconsider is also reviewed under the same abuse of discretion standard. <u>See</u> <u>Onwuameagbu</u> v. <u>Gonzáles</u>, 470 F.3d 405, 407 (1st Cir. 2006).

-5-

404 (BIA 1991). He submits that the health of his young daughter, a U.S. citizen, would be put in jeopardy if he returned to Colombia, and that his marriage to a U.S. citizen and the health of his daughter were not taken into account by the BIA. Furthermore, Arias contends that the political situation in Colombia has changed since 1997 such that if he returns to Colombia with his family, he and his family will be targeted by the FARC because his family members are U.S. citizens. While he concedes that his CAT motion to reopen is untimely, he claims that the change in his own circumstances and those of his family are compelling reasons that should be considered by this court. We do not agree.

The BIA properly denied the motion and "provided 'specific, cogent, and supportable explanations'" for its denial. Chanthou Hem v. Mukasey, 514 F.3d 67, 73 (1st Cir. 2008) (quoting Simo v. Gonzáles, 445 F.3d 7, 11 (1st Cir. 2006)) (alteration omitted). Arias's motion is also barred because "[a]n alien may file one motion to reopen proceedings," 8 U.S.C. § 1229a(c)(7)(A), unless an exception applies to the numerical limitation, 8 C.F.R. § 1003.2(c)(3). None of the exceptions apply to him, and, therefore, the BIA did not abuse its discretion. See Chen v. Gonzáles, 415 F.3d 151, 153 (1st Cir. 2005). Arias has filed numerous motions to reopen with the BIA; the current one is a near-reproduction of his prior motions.

The BIA also properly denied Arias's motion as untimely. His order of deportation is dated January 2, 1997, and he did not voluntarily depart the United States by February 1, 1997. As his deportation order became final on March 22, 1999, a motion to reopen for the purposes of applying for protection under the CAT was required to be filed by June 21, 1999. See 8 C.F.R. § 1003.23(b)(1).

The BIA found that Arias failed to show a material change in country conditions that would qualify him for an exception to the time and numerical limitations for motions to reopen. The documentary evidence Arias submitted with his motion -- newspaper articles and country reports -- was already in the record. Arias submitted new evidence that demonstrates civil strife in Colombia generally, but the evidence does not illustrate any changed circumstances that are "material so as to warrant reopening." Mabikas v. INS, 358 F.3d 145, 148 (1st Cir. 2004) (internal quotation marks and citation omitted). Arias has failed to show that the BIA, in denying the motion, acted in a manner that is "'arbitrary, irrational, or contrary to law.'" Abdullah, 461 F.3d at 99 (quoting Ahwazi, 751 F.2d at 1122).

Arias has avoided immigration officials for nearly twenty years, and in that time he has made a good life for himself. He is married to a U.S. citizen, is raising smart, high-achieving children, and is active at his daughters' school. But

> it would be ironic, indeed, if petitioner[]
> . . . who [has] remained in the United States
> illegally following an order of deportation,
> [was] permitted to have a second and third
> bite at the apple simply because [he] managed
> to marry and have children while evading
> authorities. This apparent gaming of the
> system in an effort to avoid deportation is
> not tolerated by the existing regulatory
> scheme.

Wang v. BIA, 437 F.3d 270, 274 (2d Cir. 2006). In the past, Arias has shown nothing but contempt for immigration officials and has offered feeble excuses for why he did not turn up (or depart) as instructed. He has been granted voluntary departure twice, but he chose not to take advantage of those possibilities. Indeed, he has neglected to take advantage of any of the opportunities that immigration officials have offered him in the past. "Even immigration proceedings must at some point come to an end." Palam-Mazariegos v. Keisler, 504 F.3d 144, 147 (1st Cir. 2007). The time for these proceedings to come to an end was long ago.

### III. Conclusion

For the foregoing reasons, the petition for review is denied.

**Denied**.