# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1709

_____

Rodolfo Romero-Reyes,

        Petitioner,

        v.

Eric H. Holder, Jr.,
Attorney General of the United States,

        Respondent.

\* Petition for Review from the
\* Board of Immigration Appeals.

\* [UNPUBLISHED]

_____

Submitted: November 17, 2009
Filed: January 25, 2010

_____

Before MELLOY, BEAM and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Rodolfo Romero-Reyes petitions for review of the Board of Immigration Appeals' ("BIA") March 6, 2009 denial of his motion for reconsideration. On June 30, 2004, an Immigration Judge entered a final order of removal against Romero-Reyes. The BIA denied Romero-Reyes's appeal from that order of removal on July 13, 2006. We denied Romero-Reyes's petition for review of that decision for lack of jurisdiction, since the petition was filed one day beyond the permitted thirty-day filing period. *See Romero-Reyes v. Gonzales*, 231 Fed. Appx. 541 (8th Cir. 2007) (unpublished per curiam). Romero-Reyes subsequently filed with the BIA a motion

to reopen and reissue its previous decision, hoping that a reissued decision would allow him a new thirty-day period in which to petition this court for review. *See Firmansjah v. Ashcroft*, 347 F.3d 625, 627 (7th Cir. 2003) (per curiam). The BIA denied Romero-Reyes's motion. Romero-Reyes then filed a motion for reconsideration, which the BIA also denied. It is from the denial of that motion for reconsideration that Romero-Reyes now petitions for review.

"[W]e review orders denying motions for reconsideration under the abuse-of-discretion standard." *Esenwah v. Ashcroft*, 378 F.3d 763, 765 (8th Cir. 2004). "[T]he BIA abuses its discretion only when its decision 'is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim.'" *Id.* (quoting *Feleke v. INS*, 118 F.3d 594, 598 (8th Cir. 1997)). We find no such abuse of discretion here.

Romero-Reyes's argument stems from his explanation for the delay in filing his original petition for review with this court. Notice of the BIA's July 13, 2006 denial of Romero-Reyes's appeal was mailed to the address of record of his attorney. However, Romero-Reyes's attorney used the address of record both as his business mailing address and as his personal mailing address. Romero-Reyes's attorney claims that because the BIA mailing was addressed to "Peter J. Antosh, Esq." rather than to "Garcia & Antosh, LLP," the firm's legal assistant may have improperly sorted it as personal correspondence instead of legal mail. Romero-Reyes argues that this potential sorting mistake caused some delay, leading to the eventual untimeliness of his petition for review. He argues that, as in *Hossain v. Ashcroft*, 381 F.3d 29 (1st Cir. 2004), the alleged administrative mailing error provides legal and equitable grounds for reopening and reissuing the decision.

We hold that the BIA did not abuse its discretion in denying the motion to reconsider. The BIA considered Romero-Reyes's arguments concerning why its

denial of his motion to reopen was incorrect. The BIA's original decision on the motion to reopen distinguished *Hossain*, and the BIA's ruling on Romero-Reyes's motion for reconsideration found this legal reasoning to be correct. The BIA also noted that while Romero-Reyes's attorney stated that the original mailing was misplaced "for weeks," he did not deny receiving the mailing nor did he deny that the mailing was received prior to the expiration of the thirty-day period for petitioning for review. Furthermore, the decision noted that the error was attributable to Romero-Reyes's counsel, not the BIA, thereby undermining Romero-Reyes's equitable argument for reopening. Romero-Reyes offers little argument why the BIA's comprehensive analysis of his arguments constitutes an abuse of discretion, and we hold that the BIA did not abuse its discretion in denying the motion for reconsideration.

Instead of arguing directly that the BIA abused its discretion, Romero-Reyes raises a new issue: the constitutionality of the BIA's mailing rules. Romero-Reyes offers a bare-bones argument that the policy of refusing to include a three-day "mailing rule" grace period for receiving BIA mailings represents a violation of the Due Process Clause and the Equal Protection Clause. However, these issues were not raised before the BIA at any point. While there is a split of authority within our circuit concerning whether the failure to raise an issue before the BIA is a jurisdictional bar to review or simply prevents review under the doctrine of administrative exhaustion, this disagreement is immaterial here. *See Mambwe v. Holder*, 572 F.3d 540, 550 (8th Cir. 2009) (describing the split of authority). Even if we adopted the administrative exhaustion approach, Romero-Reyes has not presented grounds to justify an exception to the administrative exhaustion rule. *See Etchu-Njang v. Gonzales*, 403 F.3d 577, 583 (8th Cir. 2005) ("[T]here is a basic principle of administrative law that '[o]rdinarily an appellate court does not give consideration to issues not raised below.'" (quoting *Hormel v. Helvering*, 312 U.S. 552, 556 (1941))). The result is that under either approach, we cannot review his unexhausted arguments.

The petition for review is therefore denied.

_____