# United States Court of Appeals
## For the First Circuit

No. 09-2408

YUBELKYS APONTE,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Lipez, and Thompson,
Circuit Judges.

Brian Monahan, Jeff Ross, and Sidra Vitale on brief for petitioner.
Tony West, Assistant Attorney General, Civil Division, Anthony C. Payne, Senior Litigation Counsel, Office of Immigration Litigation, and Lindsay S. Williams, Attorney, Office of Immigration Litigation, on brief for respondent.

June 18, 2010

**THOMPSON**, **Circuit Judge**.  Petitioner Yubelkys Aponte is a citizen of the Dominican Republic who seeks review of a decision of the Board of Immigration Appeals (BIA) denying her motion to reopen removal proceedings.  Aponte argues that the BIA committed three errors: first, it provided inadequate notice of a briefing schedule by mailing the schedule to an incomplete address; second, it violated her right to due process by summarily dismissing her appeal on the basis that she did not file a brief; third, it denied her motion to reopen despite the alleged due process violation.  The government argues that the mailing was proper and that Aponte has failed to demonstrate prejudice, a necessary element of a due process violation.  We grant the petition for review and remand for further proceedings in accordance with this decision.

## I. Background

Aponte was admitted to the United States as a Lawful Permanent Resident (LPR) on February 2, 1996.  In 1999, Aponte pled guilty to Criminal Possession of a Controlled Substance in the Fifth Degree in the State of New York Oneida County Court.  On October 3, 2003, Aponte applied for admission to the United States as an LPR at Luis Muñoz Marin International Airport in San Juan, Puerto Rico.  On January 21, 2004, the Department of Homeland Security (DHS) initiated removal proceedings against Aponte by serving her with a Notice to Appear.  DHS contended that Aponte was

removable pursuant to § 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act (INA).[1]

Aponte appeared with counsel before an Immigration Judge (IJ) on several occasions, admitting to the allegations and conceding removability. The IJ granted over three years' worth of continuances while Aponte's counsel attempted to have Aponte's criminal conviction expunged in New York. On June 4, 2007, the IJ refused to continue the case further and ordered Aponte removed.

Aponte, through counsel, filed a timely appeal to the BIA on July 3, 2007. The Notice of Appeal did not set forth any specific reasons for the appeal but instead indicated that a brief would be filed. Aponte's counsel, Irena Zolotova, filed an entry of appearance at this time, using form EOIR-27. The EOIR-27 form includes two consecutive boxes, the first labeled "NAME OF ATTORNEY OR REPRESENTATIVE," the second labeled "ADDRESS." In the first box, Zolotova listed herself as "Irena Zolotova, Ross &

---

[1] INA § 212(a)(2)(A), codified at 8 U.S.C. § 1182(a)(2)(A), provides as follows:

> Except as provided in clause (ii), any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of —
>
> ...
>
> (II) a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21),
>
> is inadmissible.

Associates."  In the second box, Zolotova listed her address as "20 Park Plaza, Suite 633, Boston, MA 02116."

On January 11, 2008, the BIA mailed a notice of briefing schedule to "Zolotova, Irena, 20 Park Plaza, Suite 633, Boston, MA 02116," omitting the firm name "Ross & Associates."  Nowhere in the administrative record does any contact information listed by Zolotova fail to include the firm name "Ross & Associates."

The briefing schedule set a deadline of February 1, 2008 for Aponte's brief.  Instead of a brief, however, the next document filed with the BIA on Aponte's behalf was a "Motion to Withdraw and Substitute Counsel" dated July 21, 2008 and filed by Attorney Phillip Jacobs.  In this motion, Jacobs indicated that Aponte no longer retained Zolotova as counsel and requested the reissuance of a briefing schedule.  Jacobs also filed an EOIR-27 Notice of Appearance.  In the "NAME" box, Jacobs listed "Phillip Jacobs."  In the "ADDRESS" box, Jacobs listed "20 Park Plaza, Ste. 633."

On November 18, 2008, the BIA issued a decision dismissing Aponte's appeal pursuant to 8 C.F.R. § 1003.1(d)(2). [2]

---

[2] 8 C.F.R. § 1003.1(d)(2) provides as follows:

Summary dismissal of appeals —

(i) Standards. A single Board member or panel may summarily dismiss any appeal or portion of any appeal in any case in which:

(A) The party concerned fails to specify the reasons for the appeal on Form EOIR-26 or Form EOIR-29 (Notices of Appeal) or other document filed therewith; [or]

-4-

The BIA noted that Aponte had not indicated any specific reasons for her appeal on the Notice of Appeal form, thus providing grounds for summary dismissal under 8 C.F.R. § 1003.1(d)(2)(i)(A). The BIA further noted that despite indicating on the Notice of Appeal form that she would be submitting a brief, Aponte neither filed a brief nor explained why she failed to file a brief, thus providing grounds for summary dismissal under 8 C.F.R. § 1003.1(d)(2)(i)(E). Because Aponte did not explain her failure to file a brief, the BIA denied Aponte's request for reissuance of a briefing schedule. However, the BIA did grant the motion to substitute counsel, allowing Jacobs to enter for Aponte.

On April 6, 2009, Attorney Sidra Vitale filed an EOIR-27 Notice of Appearance indicating that she was entering for Aponte. In the "NAME" box, Vitale listed "Ross + Associates, Sidra Vitale, Esq." In the "ADDRESS" box, Vitale listed "20 Park Plaza, Boston, MA 02116." On April 10, 2009, Vitale filed a "Motion to Reopen and Re-issue Briefing Schedule for Defective Notice." On Aponte's behalf, Vitale argued that the BIA's failure to include "Ross & Associates" in the address when mailing the briefing schedule to Zolotova, despite the inclusion of the firm name on Zolotova's

---

...

(E) The party concerned indicates on Form EOIR-26 or Form EOIR-29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing[.]

Notice of Appearance form, constituted inadequate notice. In support of this argument, Vitale filed an affidavit in which she testified that neither she nor Aponte received timely notice of the briefing schedule. Vitale further testified that Aponte did not have actual notice of the briefing schedule until the BIA issued its decision dismissing the appeal.[3] There is no evidence that either Aponte or any of her attorneys received the briefing schedule before receiving the decision dismissing her appeal; however, there is also no evidence as to precisely when counsel for Aponte had actual notice of the briefing schedule.

On September 14, 2009, the BIA issued a written decision denying the motion to reopen. The BIA held that the information supplied by Vitale was insufficient to establish inadequate notice. In reaching this conclusion, the BIA relied solely on Tobeth-Tangang v. Gonzales, 440 F.3d 537 (1st Cir. 2006), but failed to engage in any discussion or analysis of that case.

This petition for judicial review followed. In it, Aponte prays that we reverse the BIA's denial of her motion on the ground that the BIA failed to provide her with adequate notice of the briefing schedule, thereby depriving her of an opportunity to be heard and violating her right to due process. Aponte suggests that reopening the removal proceedings to allow for briefing is the

---

[3] The affidavit makes reference to a decision dated September 16, 2008; however, no such decision exists. It is clear from context, however, and the parties do not dispute, that the decision being referenced is the BIA's November 18, 2008 decision.

only way to cure the alleged constitutional defect and to ensure a full and fair proceeding before the BIA.

## II. Discussion

### A. Jurisdiction

Before proceeding to the merits of the appeal, we note that our jurisdiction over this matter is limited. The INA provides generally that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain criminal offenses, including any "violation of ... any law or regulation of a State ... relating to a controlled substance ... ." 8 U.S.C. § 1252(a)(2)(C) (establishing jurisdictional bar); 8 U.S.C. § 1182(a)(2) (providing that a controlled substance violation is a basis for removal). However, in an exception to the general rule, this court retains jurisdiction over "constitutional claims or questions of law raised upon a petition for review ... ." 8 U.S.C. § 1252(a)(2)(D); see also Gourdet v. Holder, 587 F.3d 1, 5 (1st Cir. 2009). It is uncontested that Aponte was convicted of a crime relating to a controlled substance; therefore, our review will be limited to any legal issues stemming from the BIA's denial of Aponte's motion to reopen. See Gourdet, 587 F.3d at 5.

### B. Standard of Review

We review the BIA's decision to deny a motion to reopen under the deferential abuse of discretion standard. Kucana v.

-7-

Holder, 130 S.Ct. 827, 838 (2010); see also INS v. Doherty, 112 S.Ct. 719, 724-25 (1992). The abuse of discretion standard may be deferential, but it is not toothless. For example, we review the BIA's legal conclusions de novo. See Tobeth-Tangang, 440 F.3d at 539. Any material error of law automatically constitutes an abuse of discretion. Id. We also review the adequacy of the BIA's explanation, because "cursory, summary or conclusory statements from the Board leave us to presume nothing other than an abuse of discretion." Onwuamaegbu v. Gonzales, 470 F.3d 405, 412 (1st Cir. 2006) (quoting Zhao v. United States Dep't of Justice, 265 F.3d 83, 97 (2d Cir. 2001)). An inadequate explanation therefore constitutes an abuse of discretion as well. Id. Finally, our review is limited to "the basis articulated in the decision," and we "may not assume that the Board considered factors that it failed to mention in its opinion." Daneshvar v. Ashcroft, 355 F.3d 615, 626 (6th Cir. 2004) (citing Casem v. INS, 8 F.3d 700, 702 (9th Cir. 1993); Anderson v. McElroy, 953 F.2d 803, 806 (2nd Cir. 1992)). Thus we will vacate the decision below if the BIA committed a material error of law or failed to articulate its reasoning adequately.

## C. Framing the Issue

Aponte argues that the BIA committed a material error of law when it denied her motion to reopen. Both Aponte and the government spill most of their ink on the question of whether the BIA was bound to reopen the proceedings below in order to remedy a

-8-

due process violation. However, we are mindful of "[t]he maxim that courts should not decide constitutional issues when this can be avoided" and therefore do not reach the question of whether a due process violation occurred. See U.S. v. Vilches-Navarette, 523 F.3d 1, 9 n.6 (1st Cir. 2008). Instead, we hold that the BIA's decision is not an adequate disposition of an important issue — namely, whether Aponte is entitled to have her appeal reopened due to inadequate notice of the briefing schedule.

### D. Inadequacy of the BIA's Decision

"The motion to reopen is a procedural device," which "serv[es] to ensure that aliens [get] a fair chance to have their claims heard." Kucana, 130 S.Ct. at 837 (internal quotation removed). Thus, courts have held that a motion to reopen is an appropriate vehicle for addressing a dismissal due to the absence of a petitioner's brief. See Chen v. Gonzales, 436 F.3d 76, 78-79 (2d Cir. 2006) (per curiam); Zheng v. Gonzales, 422 F.3d 98, 106-107 (3d Cir. 2005); Singh v. Ashcroft, 367 F.3d 1182, 1185 (9th Cir. 2004). This court has held that the BIA properly denied an immigrant's untimely motion to reopen where her attorney failed to provide the BIA with an up-to-date address and therefore did not receive a briefing schedule. See Tobeth-Tangang, 440 F.3d at 539-40. This court has also held that the BIA improperly denied an immigrant's motion for reconsideration where his attorney provided a correct address but failed to receive a briefing schedule due to

the BIA's erroneous mailing. See Hossain v. Gonzales, 381 F.3d 29, 31-32 (1st Cir. 2004).

Despite the existence of clear precedent for the BIA to work from, the BIA failed to engage in any meaningful analysis when it denied Aponte's motion to reopen. In its decision, the BIA found: (1) that it mailed the briefing schedule "to the address provided by Irena Zolotova"; (2) that there was "no indication that the briefing schedule was returned as undeliverable"; (3) that the Vitale affidavit "does not provide sufficient detail as to when the [briefing schedule] was actually received"; and (4) that its later "decision was apparently received, as were apparently all the other notices that were mailed to the same address without listing the name of the law firm." The BIA then cited Tobeth-Tangang without engaging in any discussion of the case.

Most of the BIA's findings are misplaced. First, the BIA did not mail the briefing schedule to the address provided by Irena Zolotova, but instead omitted the firm name "Ross & Associates." The government argues that the firm name was not actually part of Zolotova's address of record because it appeared in the "NAME" box rather than the "ADDRESS" box; however, this is a distinction without a difference. The BIA can no more omit relevant identifying information from the "NAME" box than it can from the "ADDRESS" box and still claim to have sent the mailing to a complete address. Second, there may have been no indication that

-10-

the briefing schedule was returned undeliverable, but there is likewise no direct evidence in the record to indicate that the briefing schedule was received.[4]  The BIA may not presume that a mailing to an incomplete address was received.  See Hossain, 381 F.3d at 32 ("The doctrine of regularity of the mail presumes the address used is the correct one.").  Third, the affidavit does not sufficiently indicate when the briefing schedule was received, but it is sufficient — if barely — to support a finding that the briefing schedule was not timely received.  Untimely receipt of the briefing schedule could just as easily have kept Aponte from filing a brief as no receipt at all.  Fourth, the BIA indicated no conclusive basis for its finding that Aponte's attorneys "apparently" received all mailings subsequent to the briefing schedule.  It is unclear to us how these subsequent receipts were apparent to the BIA given that there is nothing in the record to support such a finding.  And although Aponte's attorneys do not claim that subsequent, incorrectly-addressed mailings were also lost, this does not by itself establish that they received the initial briefing schedule.

---

[4] The government suggests that the BIA's inclusion of a suite number as part of the address serves as evidence that the briefing schedule was received.  However, it appears that the BIA did not actually consider the suite number in rendering its decision. Because our review is limited to "the basis articulated in the decision," and we "may not assume that the Board considered factors that it failed to mention in its opinion," Daneshvar, 355 F.3d at 626, we will not address the suite number further save to note that the BIA may consider it as circumstantial evidence on remand.

-11-

The BIA's reliance on Tobeth-Tangang is also misplaced. We based our ruling in Tobeth-Tangang on the factual premise that the petitioner's attorney violated BIA rules by failing to provide the BIA with an updated address after moving to a new office. See 440 F.3d at 540 (citing 8 C.F.R. § 1003.38(e)). Here, Aponte's attorney complied with BIA rules by providing a complete address on the EOIR-27 Notice of Appearance form. See 8 C.F.R. § 1003.3(a)(3) (providing that the attorney for any alien must file an EOIR-27 Notice of Appearance form). When the BIA mailed the briefing schedule, it simply neglected to include part of the identifying information set forth on that form. Because the BIA and not counsel is at fault here, Tobeth-Tangang does not control the BIA's decision, nor does it control ours.

We turn instead to Hossain, which deserves a thorough treatment in view of its close similarity to this case. In Hossain, Mohammed Mozammel Hossain, a citizen of Bangladesh, sought relief from exclusion. 381 F.3d at 30. An IJ denied relief, and Hossain appealed the decision to the BIA. Id. On his Notice of Appeal, Hossain requested the opportunity to file a brief. Id. at 30-31. Hossain's attorney filed an entry of appearance, listing his name and address as "John Traficonte, Cabot Corporation, 75 State Street, Boston, MA 02109." Id. at 31. The BIA, however, sent a briefing schedule to "John Traficonte, 75 State Street, Boston, MA 02109," omitting the company name "Cabot Corporation."

-12-

Id. Traficonte never received the briefing schedule and thus did not file a brief. Id. Nevertheless, the BIA issued a decision affirming the IJ without opinion. Id. at 30. Hossain moved for reconsideration[5] based solely on the fact that Traficonte never received the briefing schedule and therefore did not file a brief. Id. at 31. The BIA denied the motion, finding no defect in service of the briefing schedule. Id.

This court vacated the decision of the BIA and remanded for further proceedings. Hossain, 381 F.3d at 33. We held that the BIA had committed an error by mailing the briefing schedule to an incomplete address. Id. at 31-32; see also 8 C.F.R. § 1003.3(c)(1) (providing that an alien has a right to file a brief subject to a briefing schedule set by the BIA). We directed the BIA to allow a renewed motion for reconsideration and to decide that motion in accordance with our decision. Hossain, 381 F.3d at 33.

The close similarity between the facts here and those in Hossain leads us to the same resolution. In each case, the petitioner's attorney properly submitted an entry of appearance

---

[5] Although Hossain concerns a motion for reconsideration, while this case concerns a motion to reopen, both types of motions are appropriate means of addressing a petitioner's failure to file a timely brief. However, a motion to reopen is more appropriate where, as here, new evidence is presented — in this case, the affidavit of Aponte's counsel. See Arias-Valencia v. Mukasey, 529 F.3d 428, 430 n.1 (1st Cir. 2008); Tandayu v. Mukasey, 521 F.3d 97, 99 n.2 (1st Cir. 2008). We apply the abuse of discretion standard to both types of motions on review. See Arias-Valencia, 529 F.3d at 430 n.1.

listing a valid name and address.  Hossain, 381 F.3d at 31.  In each case, the BIA left out a piece of identifying information — in Hossain the company name and in this case the firm name — when sending a briefing schedule to the attorney.  Id.  In each case, the petitioner's attorney failed to receive the briefing schedule in time to file a brief.  Id.  Thus, Hossain would appear to control on these facts, and we remand for the BIA (1) to provide Aponte with an opportunity to file a renewed motion to reopen, and (2) to decide that motion in accordance with this decision.

However, this remand comes with a caveat.  We note again that the affidavit presented by Aponte's attorney is barely sufficient to establish that the briefing schedule was not timely received.  The affidavit's shortage of details seems to indicate that it is a product of either hasty work or intentional obfuscation, and its sparsity should certainly be addressed in the renewed motion to reopen.  In particular, the issue of when counsel actually received the briefing schedule, if ever, stands out to us as requiring clarification, just as it did to the BIA.  Indeed, if any attorney representing Aponte actually received the briefing schedule before the case was dismissed, then Hossain carries much less force here than it would if counsel never received the briefing schedule.  Cf. 381 F.3d at 31 (stating that Hossain's attorney never received a briefing schedule).  Whatever the new

affidavit provides, the BIA still must apply the law to the record evidence before it and determine whether to reopen Aponte's appeal.

We also call attention to the Supreme Court's statement in Kucana that "[a] court decision reversing the denial of a motion to reopen does not direct the Executive to afford the alien substantive relief," but instead "touches and concerns only the question whether the alien's claims have been accorded a reasonable hearing." Kucana, 130 S.Ct. at 837. Despite our conclusion that Aponte did not receive a reasonable hearing, she still has a very difficult path ahead of her in order to obtain any substantive relief. The record indicates that she has had great difficulty getting her record expunged in New York and suggests no other basis for relief from removal. Furthermore, even if the BIA does elect to reopen the appeal, the merits are for it to determine as long as it acts within the parameters established by law. Overall, Aponte's likelihood of succeeding on the merits might well be negligible. However, the BIA must at least cast a more critical eye on its mailing procedure here and make certain that Aponte receives the full benefit of the administrative process that Congress has elected to provide for her.

## III. Conclusion

The BIA abused its discretion by issuing an inadequately reasoned decision denying Aponte's motion to reopen. Accordingly,

we **grant** the petition for review and **remand** to the BIA for further proceedings in accordance with this decision.