# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-2618

_____

Timothy L. Ashford; Timothy L. Ashford, PC LLO

*Plaintiffs   Appellants*

v.

Office for Counsel for Discipline; Mark Alan Weber, in his official capacity and his individual capacity; John Does, 1-100; Jane Does, 1-100

*Defendants   Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 11, 2020
Filed: May 21, 2020
[Unpublished]

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Timothy Ashford appeals the district court's[1] denial of his motion for declaratory and injunctive relief with respect to his Nebraska attorney discipline case currently pending in Nebraska state court. Ashford claims the Counsel for Discipline's proceedings against him are based upon an anonymous complaint, but he believes the complaint originated from the judges of the Douglas County District Court. Ashford contends that the genesis for the complaint stems from his 2015 federal lawsuit against that court alleging discrimination against black attorneys in court appointments. There is also a disciplinary inquiry against Ashford based upon a client complaint that he alleges is without merit. In response to these state bar proceedings, Ashford brought this action in federal court, asking for declaratory and injunctive relief with respect to the disciplinary proceedings, in pertinent part because the Counsel for Discipline's office and the state courts are in the same branch of government.

The district court determined, sua sponte, that it should abstain from hearing the case because the state disciplinary proceedings were still pending, and dismissed the case pursuant to Younger v. Harris, 401 U.S. 37, 49 (1971) (holding that federal courts should abstain from interfering with ongoing state court proceedings when the state case was not brought in bad faith and the claimant has an adequate opportunity to raise federal constitutional challenges in the state court proceeding). Reviewing the district court's decision to abstain for an abuse of discretion, Gillette v. North Dakota Disciplinary Board Counsel, 610 F.3d 1045, 1046 (8th Cir. 2010), we find no such abuse and agree abstention was appropriate. See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 434, 437 (1982) (holding that because an important state interest was involved and no bad faith, harassment, or other exceptional circumstances dictated to the contrary, federal courts should abstain from interfering with ongoing state bar disciplinary proceedings); Gillette, 610 F.3d

---

[1]The Honorable John M. Gerrard, Chief Judge, United States District Court for the District of Nebraska.

at 1048-49 (holding that dismissal of motion to enjoin disciplinary proceedings was proper because the prerequisites for <u>Younger</u> abstention were met, and there was no exceptional circumstance warranting an equitable exception to <u>Younger</u>). Accordingly, we affirm based upon the well-reasoned order of the district court. <u>See</u> 8th Cir. R. 47B.[2]

_____

_____

[2]Ashford has filed numerous motions to supplement the record and to "Take Judicial Notice." We deny these motions as moot.