# United States Court of Appeals
## For the First Circuit

No. 19-1864

SAMUEL KINUTHIA GICHARU,

Plaintiff, Appellant,

v.

DONNA CARR, in her capacity as Chief Clerk of the Board of
Immigration Appeals; JAMES MCHENRY, in his capacity as Director
of the Executive Office for Immigration Review; MICHAEL E.
HOROWITZ, in his capacity as Inspector General, Civil Rights &
Civil Liberties Complaints, U.S. Department of Justice,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Indira Talwani, U.S. District Judge]

Before

Thompson and Kayatta,
Circuit Judges.[*]

Joanna M. Golding, with whom Barker, Epstein & Loscocco was
on brief, for appellant.
Kevin C. Hirst, Trial Attorney, U.S. Department of Justice,
Civil Division, Office of Immigration Litigation, with whom Joseph
H. Hunt, Assistant Attorney General, Civil Division, William C.

---

[*] Judge Torruella heard oral argument in this matter and
participated in the semble, but he did not participate in the
issuance of the panel's opinion in this case. The remaining two
panelists therefore issued the opinion pursuant to 28 U.S.C. §
46(d).

Peachey, Director, Office of Immigration Litigation, Yamileth G. Davila, Assistant Director, and Michael A. Celone, Senior Litigation Counsel, were on brief, for appellees.

December 16, 2020

**KAYATTA**, **Circuit Judge**.  In 2013, the Board of Immigration Appeals affirmed an order authorizing the removal of Samuel Kinuthia Gicharu to Kenya, his country of origin.  Over two years later, Gicharu filed with the BIA a motion to reopen his removal proceedings.  The BIA rejected the motion.  Gicharu appealed to this court, which affirmed the BIA's decision.  Undeterred, Gicharu commenced an action in United States District Court against various officials of the Department of Justice.  Claiming a right of action under the Administrative Procedure Act (APA) and under any statutes providing for habeas corpus relief, he sought an order compelling the BIA to rescind and reissue the order of removal it affirmed in 2013 and later refused to reopen.  The district court dismissed his complaint on the merits for failure to state a claim.  Without reaching the merits, we now dismiss Gicharu's appeal, finding that the district court lacked subject matter jurisdiction.  Our reasoning follows.

## I.

To assess whether the district court had subject matter jurisdiction, we consider Gicharu's pleadings as well as the record of the proceedings leading up to this appeal.  See Aguilar v. U.S. Immigr. & Customs Enf't, 510 F.3d 1, 8 (1st Cir. 2007).  Gicharu arrived in the United States on a visitor's visa in 2003.  After entering the United States, he filed applications for asylum, withholding of removal, and relief under the Convention Against

Torture. In May 2011, an immigration judge denied his applications for relief and ordered him removed. Gicharu, who was represented by counsel, appealed to the BIA. While the appeal was pending, both Gicharu and his counsel changed their mailing addresses. In so doing, neither complied with the applicable BIA regulation requiring them to update their addresses of record, see 8 C.F.R. § 1003.38(e), even after Gicharu's counsel was specifically advised of the regulation.

In March 2013, the BIA affirmed the decision of the immigration judge and issued a final order of removal. In accordance with BIA regulations, copies of the decision were mailed to Gicharu and his counsel at their addresses of record. The copies were returned as undeliverable, presumably because the addresses provided were outdated by the time the BIA issued its decision. Gicharu alleges that, as a result, he did not receive actual notice of the final order of removal until late April or early May 2013 -- after the thirty-day period for filing a petition for review in this court had lapsed, but well before the ninety-day deadline for filing a motion to reopen.

Over two years later, Gicharu moved the BIA to reopen his removal proceedings. Although he had long ago missed the ninety-day deadline for filing a motion to reopen, he argued that his motion should be allowed under the doctrine of equitable tolling because he had received ineffective assistance of counsel.

- 4 -

Gicharu asserted, among other things, that his counsel had failed to properly maintain a current address of record with the BIA during the pendency of his appeal, which deprived him of timely notice of the BIA's March 2013 decision. The BIA was not persuaded. It rejected Gicharu's ineffective assistance claim, along with other claims not relevant here, and denied the motion to reopen. Gicharu sought review in this court. In February 2018, we rejected his petition for review and affirmed the BIA's decision. Gicharu v. Sessions, Nos. 16-2520, 17-1455 (1st Cir. Feb. 23, 2018).

In this subsequent action commenced in the district court, Gicharu alleged that service of the BIA's March 2013 final order of removal was defective. Citing the APA, 5 U.S.C. § 706(1), he sought to compel the BIA to reissue the order so as to give him another opportunity to file a timely petition for review and/or a timely motion to reopen. He also sought leave to file a proposed amended complaint, which added allegations regarding ineffective assistance of counsel and a request for habeas relief. The government moved to dismiss the complaint for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for failure to state a claim under Rule 12(b)(6). The government also opposed Gicharu's motion for leave to file an amended complaint, arguing that the proposed amendment would be futile for the same reasons.

Over the government's objections, the district court concluded that it had jurisdiction over both the APA claim asserted in the operative complaint and the habeas claim asserted in the proposed amended complaint. Nevertheless, the district court granted the government's motion to dismiss the complaint for failure to state a claim and similarly denied Gicharu's motion for leave to file an amended complaint on futility grounds.

## II.

We begin (and ultimately end) with the question of subject matter jurisdiction. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88-89 (1998). In so doing, we review the district court's assessment of subject matter jurisdiction de novo. See Amoche v. Guarantee Tr. Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009).

## A.

The jurisdiction-channeling provision of the Immigration and Nationality Act (INA), 8 U.S.C. § 1252(a)(5), states that "the sole and exclusive means for judicial review of an order of removal" is "a petition for review filed with an appropriate court of appeals." Adding belt to suspenders, section 1252(b)(9) strips federal courts of jurisdiction to decide legal and factual

questions arising from an alien's removal in any other context, including on a petition for a writ of habeas corpus:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision . . . or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). "As its text makes manifest," section 1252(b)(9) does not preclude judicial review of orders of removal; rather, it is "designed to consolidate and channel review of all legal and factual questions that arise from the removal of an alien into the administrative process, with judicial review of those decisions vested exclusively in the courts of appeals." Aguilar, 510 F.3d at 9 (emphasis omitted).

Of course, "[t]he words 'arising from' do not lend themselves to precise application." Id. at 10. But neither are they "infinitely elastic." Id. We have previously explained that interpreting section 1252(b)(9) to eliminate all judicial review of certain removal-related claims would be contrary to Congress's intent of channeling, rather than barring, review of claims arising from the removal process. See id. at 11; see also Jennings v.

Rodriguez, 138 S. Ct. 830, 840 (2018) (plurality opinion) (rejecting an interpretation of "arising from" that would make certain claims "effectively unreviewable"). Thus, we have found that claims which cannot be raised in removal proceedings and eventually brought to the court of appeals on a petition for review are "independent of, or wholly collateral to, the removal process," not "arising from" it. Aguilar, 510 F.3d at 11.

This narrow exception for claims not arising from removal proceedings provides no succor for Gicharu. His claims of insufficient service and ineffective assistance of counsel plainly "arise from" the removal process. The regulations governing removal proceedings set forth the method of service of a removal order, imposing on the BIA "an affirmative obligation to mail a copy of its final decision to the alien" or his representative. Tobeth-Tangang v. Gonzales, 440 F.3d 537, 539 (1st Cir. 2006) (citing 8 C.F.R. §§ 292.5(a), 1003.1(f)); cf. 8 C.F.R. § 1003.13 (providing that in immigration court, "[s]ervice" generally means "physically presenting or mailing a document to the appropriate party or parties"). Among other things, the date of mailing starts the clock on the thirty-day period for filing with the BIA a motion for reconsideration, see 8 C.F.R. § 1003.2(b)(2), and the thirty-day period for filing a petition for review in this court, see Tobeth-Tangang, 440 F.3d at 540 (citing Radkov v. Aschroft, 375 F.3d 96, 99 (1st Cir. 2004)). These regulations make clear that

- 8 -

the service of a removal order is "inextricably intertwined with[] the administrative process that Congress so painstakingly fashioned." Aguilar, 510 F.3d at 13. Similarly, as we recognized in Aguilar, "the alien's right to counsel is part and parcel of the removal proceeding itself." Id. (citing 8 U.S.C. § 1362). A claim challenging counsel's effectiveness therefore "possesses a direct link to, and is inextricably intertwined with," the removal process. Id.

Further, Gicharu's claims could have been pursued before the BIA, which "refutes any notion" that his claims are "independent of, or collateral to, the removal process." Id. To start, Gicharu could have pursued before the BIA his claim for insufficient service of the March 2013 removal order, which he now asserts under the APA. Such claims are regularly raised through the BIA's administrative process and brought before this court through petitions for review. See, e.g., Aponte v. Holder, 610 F.3d 1, 7 (1st Cir. 2010) (directing the BIA to allow a renewed motion to reopen based on a defect in service); Tobeth-Tangang, 440 F.3d at 538-40 (reviewing the BIA's denial of a motion to reopen and concluding that service was not defective); Hossain v. Ashcroft, 381 F.3d 29, 31-33 (1st Cir. 2004) (directing the BIA to allow a renewed motion for reconsideration based on insufficient service); Gomes v. Smith, 381 F. Supp. 3d 120, 122 (D. Mass. 2019) (stating that an immigration judge had reissued the plaintiff's

order of removal on a motion to reopen where the plaintiff had previously been unaware of the removal order).

The BIA also provides a process for adjudicating ineffective assistance of counsel claims through a motion to reopen. See Avelar Gonzalez v. Whitaker, 908 F.3d 820, 829 (1st Cir. 2018) (citing Bernal-Vallejo v. INS, 195 F.3d 56, 64 (1st Cir. 1999)). Aliens who timely file a motion to reopen and satisfy the governing standards prevail in obtaining reopening. See Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988), aff'd sub nom. Lozada v. INS, 857 F.2d 10 (1st Cir. 1988) (setting forth the governing standards); accord In re Zmijewska, 24 I. & N. Dec. 87, 94–95 (BIA 2007) (granting a motion to reopen where an alien adequately complied with Matter of Lozada). The BIA also entertains claims for equitable tolling of the filing deadline for motions to reopen where it is alleged that ineffective assistance of counsel caused the motion to be untimely. See, e.g., Pineda v. Whitaker, 908 F.3d 836, 840–41 (1st Cir. 2018) (describing the BIA's decision on one such claim).[1] Though the standard for establishing equitable tolling is daunting, see id. at 841, it does not render review by the BIA or the court of appeals

---

[1] The legitimacy of the BIA's current practice of applying equitable tolling principles to untimely motions to reopen remains "an open question" in the First Circuit. Pineda, 908 F.3d at 841. For purposes of this case, we assume, without deciding, that equitable tolling may be available in an appropriate case. See id.

unavailable. Indeed, the courts of appeals regularly review decisions by the BIA on ineffective assistance of counsel claims asserted through both timely and untimely motions to reopen. See, e.g., Wang v. Ashcroft, 367 F.3d 25, 27–29 (1st Cir. 2004) (noting "the sheer volume of ineffective assistance of counsel claims asserted by deportable aliens" and reviewing the BIA's decision on one such claim asserted through a timely motion to reopen); Romer v. Holder, 663 F.3d 40, 43 (1st Cir. 2011) (remanding to the BIA with instructions to consider the petitioner's equitable tolling argument on an untimely motion to reopen).

In sum, Gicharu's request that we compel the BIA to "rescind" the final order of removal necessarily rests on a contention that something occurred in connection with the issuance of that order that renders it inequitable to leave in place. That contention "aris[es] from" the removal proceedings, and our acceptance of it would require our review of precisely the same issues regarding sufficiency of service and adequacy of representation that Gicharu could have raised in his challenge to the BIA's decision not to reopen.[2] Put differently, exercising jurisdiction over Gicharu's claims would encourage just the sort of "scattershot and piecemeal" litigation that Congress sought to

---

[2] That Gicharu actually did pursue his claim of ineffective assistance of counsel in a motion to reopen before the BIA and on a petition for review in this court well illustrates this point.

- 11 -

prevent when it enacted section 1252(b)(9). <u>Aguilar</u>, 510 F.3d at 9 (citing H.R. Rep. No. 109-72, at 174 (2005) (Conf. Rep.), <u>as reprinted in</u> 2005 U.S.C.C.A.N. 240, 299).

**B.**

Gicharu nevertheless contends that his claims cannot be found to "aris[e] from" his removal proceedings under section 1252(b)(9) because that provision "applies only '[w]ith respect to review of an order of removal under [8 U.S.C. § 1252(a)(1)].'" <u>INS</u> v. <u>St. Cyr.</u>, 533 U.S. 289, 313 (2001) (first alteration in original) (quoting 8 U.S.C. § 1252(b)), <u>superseded on other grounds by statute</u>, REAL ID Act of 2005, Pub. L. No. 109-13, § 106, 119 Stat. 231, 310-311, <u>as recognized in</u> <u>Nasrallah</u> v. <u>Barr</u>, 140 S. Ct. 1683, 1690 (2020). He relies on <u>Singh</u> v. <u>Gonzales</u>, 499 F.3d 969, 978-79 (9th Cir. 2007), which held that section 1252(b)(9) does not apply where, as here, the plaintiff merely seeks the reissuance of the removal order. He also points to cases in which other circuits have held, under circumstances not presented here, that section 1252(b)(9) has no effect on jurisdiction where the plaintiff does not challenge the merits of the underlying removal order. <u>See, e.g.</u>, <u>Madu</u> v. <u>U.S. Att'y Gen.</u>, 470 F.3d 1362, 1366-67 (11th Cir. 2006) (holding that section 1252(b)(9) did not apply to bar a claim contesting "the very existence of an order of removal"); <u>Kumarasamy</u> v. <u>Att'y Gen.</u>, 453 F.3d 169, 172 (3d Cir. 2006) (determining that the petitioner's

- 12 -

challenge to the existence of a removal order was properly reviewed as an appeal from the district court's habeas judgment, not as a petition for review).

Even assuming that the scope of section 1252(b)(9) is so limited by section 1252(b) -- a position endorsed by only three Justices in Jennings, 138 S. Ct. at 876 (Breyer, J., dissenting) -- Gicharu's claims still fall within it. Gicharu argues on appeal that the BIA's decision denying his 2015 motion to reopen was "in error" and that the district court "effective[ly] affirm[ed]" that decision "in error" by dismissing the instant action. In other words, Gicharu effectively seeks judicial review of the BIA's decision not to reopen his removal proceedings, which for jurisdictional purposes is indistinguishable from seeking "review of a final order of removal" under section 1252(a)(1). See Mata v. Lynch, 576 U.S. 143, 147 (2015) (citing Kucana v. Holder, 558 U.S. 233, 242, 253 (2010)); accord Thompson v. Barr, 959 F.3d 476, 479-80 (1st Cir. 2020) (citing 8 U.S.C. § 1252(a)(1), (a)(5)).

Moreover, contrary to the Ninth Circuit's reasoning in Singh, Gicharu's ineffective assistance claim requires at least a preliminary review of the merits of the underlying removal decision because relief cannot be granted on that claim absent a showing that Gicharu is reasonably likely to succeed in overturning the order of removal if he is permitted to file a timely petition for review. See Franco-Ardon v. Barr, 922 F.3d 23, 25 (1st Cir. 2019);

- 13 -

see also Zeru v. Gonzales, 503 F.3d 59, 72 (1st Cir. 2007) ("To succeed on an ineffective assistance of counsel claim, petitioners must show 'a reasonable probability of prejudice' resulting from their former representation." (quoting Saakian v. INS, 252 F.3d 21, 25 (1st Cir. 2001))). We therefore decline to follow the Ninth Circuit's decision in Singh and hold instead that Gicharu's claims "aris[e] from" his removal proceedings within the meaning of section 1252(b)(9).

## c.

Gicharu also objects on constitutional grounds to our conclusion that his claims fall within the scope of section 1252(b)(9) and outside the district court's jurisdiction. First, he contends that this result deprives him of the opportunity to file a timely petition for review of the March 2013 order of removal, effectively foreclosing all meaningful judicial review of the merits of the BIA's removal decision in violation of the Due Process Clause of the Fifth Amendment.[3] But, as we have already explained, the relief that Gicharu's complaint seeks -- reissuance of the BIA's March 2013 order of removal -- was available, had it been warranted, through the administrative process, with judicial review available in the court of appeals under section 1252(a)(1)

---

[3] The Due Process Clause provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

- 14 -

and (a)(5).  This satisfies due process.  See Aguilar, 510 F.3d at 15-16, 18.  The fact that Gicharu failed to establish his entitlement to such relief through his 2015 motion to reopen does not transform the INA's jurisdiction-channeling provisions into a due process violation.  Cf. Lozada, 857 F.2d at 14 (stating that, "as a result of the Board's serious consideration of petitioner's motion to reopen proceedings, he received nearly all the attention to his case that ever potentially was available" and concluding that "[h]is due process claim is, therefore, unavailing").

Second, Gicharu contends that, if our interpretation of section 1252(b)(9) is correct, it violates the Suspension Clause[4] because it deprives him of his only opportunity to be heard on constitutional claims arising from his removal proceedings, including a claim that his counsel provided ineffective assistance during his removal hearing, before the final order of removal was issued.  But the Suspension Clause is not implicated where, as here, the relief sought by the habeas petitioner is "the opportunity to remain lawfully in the United States" rather than the more traditional remedy of "simple release" from "unlawful executive detention."  Dep't of Homeland Sec. v. Thuraissigiam, 140 S. Ct. 1959, 1970-71 (2020).

---

[4]  The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2.

## III.

Having concluded that Gicharu's APA claim and habeas claim both arise from his removal proceedings, we hold that the district court lacked subject matter jurisdiction over those claims under section 1252(b)(9).  We therefore vacate the district court's ruling on the merits but affirm the dismissal of Gicharu's complaint.