**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4557
_____

YI MEI ZHU; JIE JIANG,
                                        Petitioners

v.

THE ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

PETITION FOR REVIEW OF DECISION OF
THE BOARD OF IMMIGRATION APPEALS
(BIA-1 Nos. A095-843-938 & A095-843-939)
Immigration Judge:  Honorable R.K. Malloy
_____

Submitted Under Third Circuit LAR 34.1(a)
January 22, 2016
_____

Before: FISHER, CHAGARES and BARRY, <u>Circuit Judges</u>

(Filed: February 1, 2016)
_____

OPINION[*]
_____


BARRY, <u>Circuit Judge</u>

    Yi Mei Zhu and Jie Jiang petition for review of the decision of the Board of

---

[*]  This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Immigration Appeals (the "BIA") denying their untimely motion to reopen removal proceedings based on changed country conditions in China with respect to family planning policies. Because the BIA's decision is supported by substantial evidence, we will deny the petition for review.

I.

Zhu and Jiang are husband and wife, both citizens of China; they have two children, one born in China and the other in the United States. In 2006, an Immigration Judge ("IJ") rejected their claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), all of which claimed persecution arising from family planning policies in China. The IJ concluded that Zhu's claim that she was, or would have been, subjected to a forced abortion in China was not credible. The IJ also concluded that there was insufficient evidence to establish the risk of future harm to Zhu and Jiang simply because they were parents of two children. In 2009, the BIA affirmed the IJ's decision.

In 2013, Zhu and Jiang moved to reopen their removal proceedings to reapply for asylum based on a change in the family planning policies and the treatment of Christians in China.[1] More specifically, Zhu claimed that there was a reasonable possibility that she would be subject to involuntary sterilization if she returned to China because conditions with respect to family planning policies had materially worsened in her home province

---

[1] Jiang's claim for asylum based on China's family planning policies is derivative of Zhu's claim. See 8 U.S.C. § 1158(b)(3).

(Fujian), and that the persecution of "house churches" in China had intensified. On February 12, 2014, the BIA denied the motion to reopen, concluding that the evidence presented was insufficient to demonstrate a material change in country conditions or that Zhu and Jiang would likely be persecuted in China based on the family planning policies or their Christianity.

Following the BIA's decision, Zhu and Jiang petitioned for review. Soon after their petition was filed, we decided Fei Yan Zhu v. Att'y Gen., 744 F.3d 268 (3d Cir. 2014),[2] remanding to the BIA a case involving a motion to reopen based on changed country conditions with respect to family planning policies in China. In Fei Yan Zhu, we determined that the BIA's decision did not reflect meaningful consideration of much of the petitioner's evidence, including the 2009 and 2010 Annual Reports of the Congressional-Executive Commission on China, which was also before the BIA in Zhu and Jiang's case. See 744 F.3d at 277-78. In light of Fei Yan Zhu, the Attorney General moved to remand this case for the BIA to reconsider Zhu and Jiang's evidence. We granted this unopposed motion.

On November 5, 2014, the BIA again denied Zhu and Jiang's motion to reopen. It acknowledged that while China's national policy prohibited forced abortions and sterilizations, Zhu and Jiang had submitted evidence that the national policy was followed "with varying degrees of adherence by regional and local governmental bodies." (App. 5.) It also acknowledged that local policies allowed for forced abortions in some

---

[2] Although petitioners in that case and this share a last name, it is coincidental.

3

instances, and that official documents from Fujian Province reflected that "in general sterilization is 'mandatory' for couples with two or more children." (Id.) The BIA concluded, however, that "official policy statements for 'mandatory' sterilization do not necessarily indicate that those policies are enforced in a manner which may constitute persecution." (Id.) It determined that although the evidence demonstrated several specific instances of forced abortions, these "egregious but isolated instances" appeared to be exceptions to the usual penalties, and it concluded that Zhu and Jiang had not "prima facie shown that, based on this anecdotal evidence, they would likely be singled out for forced sterilization upon returning to China with two children." (Id.)

The BIA also noted that although the evidence showed reports of forced sterilizations in Fujian Province from 2005 and 2006, "[i]n examining the respondents' evidence, we are unable to find a single recent instance of a forced sterilization in Fujian province." (App. 6.) It determined that the evidence did not support a conclusion that policies had appreciably changed, or that actual enforcement of the policies had worsened since Zhu and Jiang's proceedings in 2006. It also rejected their claims with respect to religious persecution.

On appeal, Zhu and Jiang contend that the BIA erred in denying their motion to reopen because it failed to meaningfully consider documents demonstrating a strict policy

of sterilization in Zhu's home town and province in China.[3]

## II.

The BIA had jurisdiction pursuant to 8 C.F.R. § 1003.2, and we have jurisdiction pursuant to 8 U.S.C. § 1252. Zheng v. Att'y Gen., 549 F.3d 260, 264 (3d Cir. 2008). We review the BIA's denial of a motion to reopen for abuse of discretion, and "[w]e will not disturb the BIA's decisions unless they are found to be arbitrary, irrational, or contrary to law." Id. at 264-65 (internal quotation marks omitted). When the BIA has denied a motion to reopen, we will uphold its determination if it is "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Id. at 266 (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). We will reject factual findings of the BIA "only if there is evidence so compelling that no reasonable factfinder could conclude as the BIA did." Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003).

We have observed that "motions to reopen immigration proceedings are traditionally disfavored . . . for the same reason we disfavor petitions for rehearing and motions for a new trial, namely, the need for finality in litigation." Sevoian v. Ashcroft, 290 F.3d 166, 171-72 (3d Cir. 2002) (internal quotation marks omitted) (citing INS v. Doherty, 502 U.S. 314, 323 (1992)). To prevail on such a motion, the movant must overcome "both procedural and substantive hurdles." Shardar v. Att'y Gen., 503 F.3d 308, 313 (3d Cir. 2007). As a procedural matter, the motion must generally be brought

---

[3] In their brief to this Court, Zhu and Jiang have not addressed the BIA's rejection of their argument with respect to religious persecution; accordingly, we may consider that argument waived on appeal. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).

within 90 days of a final administrative decision, but an untimely motion is permitted if the movant seeks to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

As a substantive matter, the movant must establish a prima facie case for relief, that is, the movant must provide "objective evidence that, when considered together with the evidence of record, shows a reasonable likelihood that he is entitled to relief." Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir. 2010). To obtain relief in the form of asylum, an individual must provide evidence of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). A person who has a well-founded fear that he or she will be forced to undergo a procedure such as abortion or involuntary sterilization "shall be deemed to have a well founded fear of persecution on account of political opinion." Id.

We have held that in ruling on a motion to reopen, the BIA must give meaningful consideration to the evidence and arguments presented by the movant. The BIA "may not ignore evidence favorable to the alien," Fei Yan Zhu, 744 F.3d at 272 (quoting Huang, 620 F.3d at 388), and must "provide an indication that it considered such evidence, and if the evidence is rejected, an explanation as to why it was rejected." Id.

III.

The BIA based its denial of Zhu and Jiang's motion to reopen on two conclusions, both of which are supported by the record: first, that Zhu and Jiang failed to establish a prima facie case demonstrating that they are eligible for asylum,[4] and second, that they failed to demonstrate how conditions with respect to family planning policies in China had changed since 2006. Because the BIA thoroughly considered and rejected the evidence and arguments presented by Zhu and Jiang in support of their motion to reopen, and because its conclusions were not "arbitrary, irrational, or contrary to law," we will deny the petition for review. See Zheng, 549 F.3d at 265.

The BIA accurately observed that Zhu and Jiang failed to present evidence of a well-founded fear that either would be targeted for sterilization upon return to China. Compare, e.g., Huang, 620 F.3d at 391 (vacating the BIA's rejection of a motion to reopen where the petitioner had presented a document purporting to be "an official proclamation that [she] will be required to undergo a sterilization procedure if she returns to China"). The BIA acknowledged that Zhu and Jiang presented evidence of local policies in favor of forced abortion and sterilization, but concluded that that evidence was not sufficient to meet their burden of establishing prima facie eligibility for asylum, i.e. there was insufficient evidence that Zhu had a well-founded fear that she, specifically, would be forced to undergo an abortion or sterilization upon returning to China. See Zhang v. Mukasey, 543 F.3d 851, 855 (6th Cir. 2008) (affirming denial of motion to

_____

[4] Zhu and Jiang do not contend, on appeal, that they are eligible for relief other than asylum, such as withholding of removal or protection under the CAT. Accordingly, we need only address eligibility for asylum. See Chen, 381 F.3d at 235.

7

reopen where petitioner "did not show that the changed conditions would result in a risk of persecution *against her*"). While Zhu and Jiang argue that the BIA should have given greater weight to the evidence they did provide, they failed to demonstrate that the BIA's failure to do so was arbitrary, irrational, or contrary to law. See Fei Yan Zhu, 744 F.3d at 275 (holding that the BIA "may give whatever weight it deems appropriate to . . . evidence in light of all of the other evidence presented").

Even if the BIA erred in determining that Zhu and Jiang failed to establish prima facie eligibility for asylum, we would deny the petition for review because the BIA correctly observed that Zhu and Jiang failed to justify the untimely filing of their motion to reopen with evidence of a material change in country conditions. See Shardar, 503 F.3d at 313 (observing that to justify the filing of an untimely motion to reopen, a petitioner must present "material evidence of changed country conditions that could not have been presented during the hearing before the IJ"). As the BIA concluded, Zhu and Jiang offered insufficient evidence that the actual enforcement of China's family planning policies in their local province had worsened since the time of their original hearing in 2006. See Zheng v. Holder, 701 F.3d 237, 242 (7th Cir. 2012) (affirming denial of motion to reopen where petitioner did not demonstrate that China's enforcement of family planning policies "had become more stringent in her province since her last hearing"); compare, e.g., Jiang v. Att'y Gen., 568 F.3d 1252, 1255-57 (11th Cir. 2009) (vacating denial of motion to reopen where petitioner successfully demonstrated increased enforcement of family planning policies with evidence including affidavits

from relatives detailing the likelihood of petitioner's forced sterilization upon return to China).  Because Zhu and Jiang "failed to demonstrate that the policy is enforced differently now than when [they were] ordered removed," they have failed to show a material change in country conditions that would justify their untimely motion to reopen. See Zheng, 701 F.3d at 243.

IV.

For the reasons stated above, we will deny the petition for review.