**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-2200

JU SHI,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Thompson, Stahl, and Kayatta,
<u>Circuit Judges</u>.

Theodore N. Cox and Ana Lucia Alvarado on brief for petitioner.
Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Terri J. Scadron, Assistant Director, and Hillel R. Smith, Attorney, Office of Immigration Litigation, Civil Division, on brief for respondent.

October 28, 2016

**THOMPSON**, <u>**Circuit Judge**</u>.

## PREFACE

Ju Shi ("Shi"), a native of Fujian Province in the People's Republic of China, asks us to review the Board of Immigration Appeals' ("BIA") decision denying his motion to reopen his removal proceedings. Shi claims his newly presented evidence shows that conditions in Fujian Province have changed in the time since his original application was denied. For the reasons explained below, we find the BIA did not abuse its discretion in finding otherwise, and so we deny his petition.

## BACKGROUND

Shi entered the United States on November 11, 1995. Because he did so without a valid entry document, on September 10, 2007, the Immigration and Naturalization Service charged Shi with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Shi applied for asylum and withholding of removal because he fears he will be sterilized if he returns to China. Shi has two children and claims that forced sterilization of people with two or more children is a common practice in Fujian Province.

Following a hearing on February 9, 2009, an Immigration Judge denied Shi's application. According to the evidence Shi submitted before his 2009 hearing, Chinese law limits most couples to one child and requires pre-approval for the birth of a second. These laws "retain harshly coercive elements in law and practice."

- 2 -

Violators may face strict penalties such as termination from state employment, steep "social compensation fees" after the birth of unapproved children, destruction of property, and detention. In two-child families, one parent is often pressured to undergo sterilization. Local enforcement and local regulations implementing the family planning laws vary, and reports indicate that "local officials occasionally employ illegal means, such as forcibly performing abortions or sterilizations, in order to demonstrate their resolve to meet birth planning targets and keep their jobs." Fujian Province officials denied performing forced abortions and sterilizations. But, Fujian law requires "unspecified 'remedial measures' to deal with out-of-plan pregnancies." In 1998, a former birth planning officer admitted that her office performed involuntary sterilizations as late as 1998, and "in 2006, reportedly, there were forced sterilizations in Fujian."

The Immigration Judge found Shi did not show a well-founded fear of future persecution--sterilization--based on his political opinion--opposition to China's population control policies. On December 15, 2011, the BIA affirmed those findings. "Physical coercion to achieve compliance with family planning goals is uncommon and unsanctioned by China's national laws. . . . " "Sporadic reports of forcible abortions and sterilizations .

. . are insufficient to establish a well-founded fear of persecution."

On April 4, 2012, Shi moved to reopen his removal proceedings, contending that since his hearing in 2009, his risk of forced sterilization has dramatically increased. Shi's evidence of changed conditions includes:

- The Congressional-Executive Commission on China's ("CECC") 2009 report that the "use of coercive measures in the enforcement of population planning policies remains commonplace" and violators of China's population control policies are "in some cases, subjected to forced sterilization, forced abortion, arbitrary detention, and torture." Fujian Province family planning officials are authorized to force abortions to deal with out-of-plan pregnancies. In 2009, there were at least two reported cases of forced abortion in Fujian.

- The 2010 CECC report that "local officials continued to coerce women with unauthorized pregnancies to undergo abortions." "When women reach the state-imposed limit on number of births, local authorities often mandate surgical sterilization to prevent 'out-of-plan' pregnancies."

- Various news and internet reports from 2008 and 2009 that individuals were fined, jailed, saw their family members taken hostage, or were otherwise pressured into abortion or sterilization.

- Reports from Fujian Province from 1996, 2007, 2011, and 2012 that individuals were subject to forced abortion and sterilization.

- Fujian Province government-issued documents from 2007, 2008, 2009, and 2010 that direct local family planning offices to intensify family planning activities, including sterilizations and abortions.

- Fujian Province government-issued documents from 2003 and beyond that couples with two children "must be advocated to choose sterilization surgery." This

includes parents whose children are born abroad. "[A]ll parents without exception are subject to our town's family planning goals, and will be managed by current family planning management measures."

The BIA found Shi's evidence did not demonstrate a material change in conditions. "[S]ocial compensation fees, loss of job, promotion, and education opportunity [sic], expulsion from the party, destruction of property, and other administrative measures continue to be used to enforce the family planning policy that has been in place since before the respondent's 2009 hearing." Furthermore, "alleged incidents of coercion to meet birth targets in some areas of China have been a longstanding concern, including at the time of the respondent's 2009 hearing." "At most," Shi's evidence showed that "pressures to enforce the family planning polic[ies] vary [by location] and fluctuate" over time. Shi challenges these conclusions.

## LEGAL PRINCIPLES

Shi asks us to review the BIA's denial of his request to reopen his removal proceedings. To reopen those proceedings now, more than ninety days after the final administrative decision denying his asylum petition, Shi must (1) show a change in circumstances in China with "material evidence that was not available or discoverable at the prior hearing," and (2) "present a prima facie case of eligibility for the relief sought." Mazariegos v. Lynch, 790 F.3d 280, 285 (1st Cir. 2015) (quoting

- 5 -

Jutus v. Holder, 723 F.3d 105, 110 (1st Cir. 2013)); see 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Shi bears the burden of proving that conditions deteriorated between his hearing and the filing of his motion to reopen--it is not enough for him to show that conditions are the same, or a "slight temporal fluctuation in the level of ever-prevailing persecution." Yang Zhao-Cheng v. Holder, 721 F.3d 25, 28 (1st Cir. 2013); see Tawadrous v. Holder, 565 F.3d 35, 38 (1st Cir. 2009).

"The BIA has 'broad discretion . . . to grant or deny a motion to reopen'" removal proceedings, and we review the BIA's denial of a motion to reopen for an abuse of that discretion. Smith v. Holder, 627 F.3d 427, 433 (1st Cir. 2010) (quoting Kucana v. Holder, 558 U.S. 233, 250 (2010)). Under this standard, we review legal conclusions afresh, but we review findings of fact to determine whether or not they are supported by substantial evidence. Id.; Xin Qiang Liu v. Lynch, 802 F.3d 69, 74 (1st Cir. 2015); see 8 U.S.C. §§ 1252(b)(4), (6). Substantial evidence means enough evidence that a rational person could accept a finding as true, and so the BIA's findings of fact will stand unless "the record evidence points unerringly" to a different conclusion. Xian Tong Dong v. Holder, 696 F.3d 121, 125 (1st Cir. 2012) (quoting Ruiz v. Mukasey, 526 F.3d 31, 35 (1st Cir. 2008)). We also review the BIA's reasoning for "at least minimal adequacy, 'because cursory, summary or conclusory statements [from the Board] leave

us to presume nothing other than an abuse of discretion.'" Romer v. Holder, 663 F.3d 40, 42 (1st Cir. 2011) (quoting Aponte v. Holder, 610 F.3d 1, 4 (1st Cir. 2010)).

**SHI'S CLAIMS**

With these principles established, we turn to Shi's arguments. Shi claims that the BIA inadequately addressed his evidence, and that properly considered, the evidence shows conditions in China have substantially deteriorated since his hearing in 2009. Neither claim has merit.

First, Shi claims the BIA ignored some of his documents from Fujian Province and summarily dismissed the 2009 and 2010 CECC reports. But, the BIA is not required to address every piece of evidence or "dissect [every argument] in minute detail." Raza v. Gonzales, 484 F.3d 125, 128 (1st Cir. 2007). It need only "articulate[] its decision in terms adequate to allow a reviewing court to conclude that the agency has thought about the evidence and the issues and reached a reasoned conclusion." Id.; accord Li Sheng Wu v. Holder, 737 F.3d 829, 833 (1st Cir. 2013). That is what the BIA did here.

The BIA compared Shi's old evidence to his new evidence, including the 2009 and 2010 CECC reports and the bulk of his Fujian-specific documents, and found that the family planning policy in existence before Shi's 2009 hearing continued to apply in 2012. The BIA specifically addressed the 2009 and 2010 CECC

- 7 -

reports' allegations that coercive measures have been used to meet birth targets, and the reports' finding that this has been a "longstanding concern." The BIA also considered Shi's Fujian-specific population control campaign documents and concluded that they "announce renewed efforts to enforce the family planning policies," but do not show a significant change in enforcement over time. The BIA fairly considered Shi's Fujian-specific documents and the CECC reports, and the analysis is adequate for us to understand the basis for the BIA's conclusions. See Li Sheng Wu, 737 F.3d at 833. The BIA's assessment of the evidence was not an abuse of discretion.[1]

Of course, just because the BIA adequately considered the evidence and explained its conclusions does not necessarily mean that those conclusions are supported by substantial evidence. See, e.g., Xin Qiang Liu, 802 F.3d at 77. Shi's remaining argument

---

[1] Shi relies on two out-of-circuit authorities to support his position, but that reliance is misplaced. In Ji Cheng Ni v. Holder, 715 F.3d 620, 627 (7th Cir. 2013), and Fei Yan Zhu v. Attorney General, 744 F.3d 268, 277 (3d Cir. 2014), the BIA essentially ignored the 2009 and 2010 reports' allegations of forced sterilizations and did not address the relevant question on a motion to reopen--whether conditions changed over time. Neither error infects the BIA's decision in this case. Indeed, other courts considering these reports and similar evidence from Fujian Province have determined that substantial evidence supports the BIA's conclusion that the documents do not show changed conditions. See, e.g., Yi Mei Zhu v. Holder, 641 F. App'x 185, 189 (3d Cir. 2016) (affirming BIA finding of no changed circumstances in Fujian between 2006 and 2013); Ping Zheng v. Holder, 701 F.3d 237, 242-43 (7th Cir. 2012) (finding no changed circumstances in Fujian between 2001 and 2011).

boils down to a complaint that they are not. Once again, we disagree with Shi.

Substantial evidence supports the BIA's conclusion that Shi did not show a significant increase in the use of coercion to meet birth targets or a significant change in the enforcement of family planning laws since his hearing. Shi presents numerous documents from Fujian Province that encourage local family planning offices to "step up" family planning enforcement in temporary campaigns. But, Shi's evidence also shows that local officials have been under pressure to enforce the family planning policies since long before his 2009 hearing, so this pressure is not a changed circumstance. And even though these documents encourage stricter enforcement of existing policies, Shi presents little evidence indicating that enforcement has actually increased. Shi's newly presented evidence reports a handful of forced sterilizations and abortions in Fujian Province from 1996 to 2012. The State Department's 1994 country conditions report, and the 2007 State Department report presented to the Immigration Judge, both found that "local officials occasionally employ illegal means, such as forcibly performing abortions or sterilizations," to meet birth quotas. The 2007 report likewise reported instances of forced sterilizations in Fujian Province in 1998 and 2006. Sadly, a reasonable person can conclude from Shi's evidence that the current rate of forced sterilization and abortion

in service of population-control goals is a pre-existing state of affairs.

In fact, many of the campaign documents encourage stricter enforcement of population control policies precisely because the existing policies were not being strictly implemented. For instance, one campaign document reports that "illegal births . . . after having two girls and after having one boy are on the rise," and another reports that "[t]he materialization rate for sterilization in families with two girls is low." Indeed, "the idea of a targeted, temporary campaign suggests uneven enforcement in the first instance." Ping Zheng v. Holder, 701 F.3d 237, 242 (7th Cir. 2012). The BIA's finding that "[a]t most . . . pressures to enforce the family planning policy . . . fluctuate incrementally from time to time" is supported by the evidence Shi presented. On this record, the BIA did not abuse its discretion.

## CONCLUSION

On a motion to reopen removal proceedings, the petitioner bears the burden of showing both a material change in country conditions and his prima facie eligibility for relief. Yang Zhao-Cheng, 721 F.3d at 28; Jutus, 723 F.3d at 110. Because we find that Shi did not meet his burden to show changed country conditions on the first prong, we need not decide whether the conditions described in Shi's documents show his prima facie

- 10 -

eligibility for relief on the second. <u>See</u> <u>Yang Zhao-Cheng</u>, 721

F.3d at 29. Shi's petition for review is denied.