**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3181
_____

YI MEI ZHU
JIE JIANG,
                    Petitioners

v.

ATTORNEY GENERAL
OF THE UNITED STATES,
                    Respondent
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
BIA Nos. A095-843-938 & A095-843-939
Immigration Judge: Hon. R.K. Malloy

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 23, 2017

Before:  CHAGARES, RESTREPO, and ROTH, <u>Circuit Judges</u>.

(Filed: March 1, 2017)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Petitioners Yi Mei Zhu and Jie Jiang seek review of a June 29, 2016 decision of the Board of Immigration Appeals ("BIA") denying their second motion to reopen their applications for asylum, which were originally denied on January 12, 2009. We will deny the petition for review.

I.

Zhu and Jiang are wife and husband, and natives and citizens of China who entered the United States without being admitted or paroled. **A.R. 1360, 2284, 2234.** They first applied for Asylum and Withholding of Removal and protection under the Convention Against Torture ("CAT") on August 30, 2002 and December 8, 2003. **A.R. 1822-39; 2211-19.** Those applications were based on the fear of persecution under China's one-child policy if the applicants were to return to China. **A.R. 2222.** Zhu claimed that she feared forced sterilization if removed to China because she had violated the one-child policy. **A.R. 1833-41.**

An Immigration Judge ("IJ") denied the applications on October 23, 2006 as untimely and for failing to meet the required burden of proof, noting that documentary evidence and applicants' testimony were inconsistent and not credible. **A.R. 1308-40.** The BIA dismissed the appeal of the IJ's decision on January 12, 2009. **A.R. 1243.**

On September 13, 2013, Zhu and Jiang filed a first motion to reopen, alleging changed country conditions regarding family planning policy and regarding a new basis for asylum — persecution of underground Christians in China. **A.R. 79.** As to the latter

basis, they asserted that there had been an increase in persecution of house church Christians (who worship at unregistered Protestant churches in China) since 2008 and that they feared persecution because they are Christian. **A.R. 84-85.** The BIA denied the motion to reopen on February 12, 2014, concluding that Zhu and Jiang did not establish a material change in circumstances or country conditions to justify reopening the case. **A.R. 55-58.** In its decision, the BIA noted that the claim of religious persecution rested solely on evidence that some leaders of underground churches had been arrested and that church members were harassed. These facts, the BIA concluded, were insufficient to establish changed country conditions. **A.R. 57.** Zhu and Jiang appealed, and the Government agreed to remand the case to the BIA to address the specific evidence submitted in light of <u>Fei Yan Zhu v. Attorney Gen.</u>, 744 F.3d 268, 279 (3d Cir. 2014), where we reiterated that the BIA should meaningfully address specific documents presented by petitioners**. <u>See</u> A.R. 55-58; <u>Zhu v. Att'y Gen.</u>, No. 14-1473 (3d. Cir.).** On remand, the BIA again denied the motion to reopen on November 5, 2014. Administrative Record ("A.R.") 30-35. The BIA concluded that as to the forced sterilization issue, there were no recent reports of such activities in their home province, and that any isolated abuses in their home province did not show that the respondents themselves will be targeted. **A.R. 34.** As to the religious persecution issue, the BIA found that documents submitted by Zhu and Jiang only reflected that targeting members of unregistered Christian churches had intensified in China generally, but not in their home province of Fujian. **A.R. 35.**

3

Zhu and Jiang filed a petition for review with the Third Circuit, but did not raise any challenges to the BIA's findings relating to religious persecution. Their petition was denied. Zhu v. Att'y Gen., 641 F. App'x 185, 189 (3d Cir. 2016).

On May 9, 2016, Zhu and Jiang filed a second motion to reopen. **A.R. 16-18.** Along with the motion, they attached two articles by the nonprofit organization ChinaAid, which describe the demolition of a Christian church in 2016 for "failure to register with the local government" and government personnel "haul[ing] away Christian protesters away from the wreckage." A.R. 23, 25. The BIA denied this motion on June 29, 2016, noting that the "single incident, standing alone," is insufficient, as "[t]he articles do not establish that anyone was injured during these events, and we are not persuaded that the destruction of this church building and removal of protesters from the area is sufficiently severe to constitute materially changed country conditions or circumstances . . . ." A.R. 3-4.

Zhu and Jiang timely filed a petition for review of the BIA's decision denying the second motion to reopen.

## II.

The BIA had jurisdiction to review the motion to reopen pursuant to 8 C.F.R. § 1003.2. We have jurisdiction over a timely filed petition for review under 8 U.S.C. §§ 1252(a)(1), 1252(b)(1). "We review the denial of a motion to reopen for an abuse of discretion." Fei Yan Zhu, 744 F.3d at 271–72. The BIA's discretion over motions to reopen is broad and "will not be disturbed unless they are found to be arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004), as amended

4

(Dec. 3, 2004) (quoting Tipu v. INS, 20 F.3d 580, 582 (3d Cir.1994)). We review the BIA's factual findings under the substantial evidence standard. See Korytnyuk v. Ashcroft, 396 F.3d 272, 283 (3d Cir. 2005); see also 8 U.S.C. § 1252(b)(4)(B) (providing that findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

### III.

Zhu and Jiang's petition to reopen is based on changed country conditions. Generally, a motion to reopen must be filed within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, a motion to reopen based on "changed circumstances arising in the country of nationality" based on "evidence [that] is material and was not available and could not have been discovered or presented at the previous hearing" may be filed after the 90-day period has elapsed. 8 C.F.R. § 1003.2(c)(3)(ii). To succeed on such a motion to reopen, the applicant must show prima facie eligibility for asylum — a "realistic chance that the petitioner can at a later time establish that asylum should be granted." Guo, 386 F.3d at 564.

The basis for Zhu and Jiang's motion to reopen is that in 2016, a Christian church in their home province of Fujian was demolished for failure to register with the government, and government officials removed protestors from the demolition scene.[1]

---

[1] Zhu and Jiang's assertions that they would not be allowed to worship openly if they returned to China is not an issue that is properly before us. See Zhu & Jiang Br. 5-6. In this petition, we review only the question of whether the BIA abused its discretion in concluding that the two ChinaAid articles do not constitute sufficient basis for a material change in country conditions and thus merit reopening the case.

5

The BIA determined that this single instance of demolition did not amount to a material change in country conditions. Although the BIA's 2014 decision noted that Zhu and Jiang failed to provide any evidence of even a single instance of harassment in Fujian, that they now present evidence of the 2016 incident does not necessarily establish a material change in country conditions.[2] We conclude that the BIA did not abuse its discretion in concluding that the 2016 evidence did not fulfill Zhu and Jiang's burden of presenting material evidence of changes in country conditions that was not previously available, discoverable, or presentable.

IV.

For the foregoing reasons, we will deny Zhu and Jiang's petition for review of the BIA order dated June 29, 2016.

---

[2] Zhu and Jiang also argue that the BIA erred in requiring that they show physical injury. The BIA did not impose such a requirement, but merely made that observation in the context of concluding that the events described in the ChinaAid article were not sufficient. See A.R. 4.